UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAM SINGH, et al.,

    Plaintiffs,

v.                                                    CASE NO. 8:15-cv-1974-T-23JSS

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

After Ram and Cynthia Singh's property caught fire, GeoVera Specialty Insurance Company indemnified the Singhs for a portion of the "insured value of the property." (Doc. 2 at 2) Arguing "total loss" of the property, the Singhs sue (Doc. 2) GeoVera for a determination of the amount of loss, for additional indemnity, and for an attorney's fee and costs. After commencement of the suit, GeoVera requested, and the Singhs consented to, an appraisal of the amount of loss. GeoVera moves (Doc. 5) to dismiss this action or "to stay litigation pending completion of [the] appraisal."[1] Further, Geovera moves (Doc. 19) unopposed to "extend all deadlines in this case pending completion of the appraisal" and to "dispense with and/or defer mediation."

---

[1] Although the Singhs consented to the appraisal, GeoVera moves "to compel [an] appraisal and to stay litigation pending completion of [an] appraisal." (Doc. 5 at 1) To the extent GeoVera moves to compel an appraisal, the motion is denied as moot.

**1. Appraisal**

Moving to dismiss, GeoVera argues that an appraiser, not a court, must determine the amount of loss. The insurance agreement states, "If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other." (Doc. 2-1 at 22) GeoVera requested, and the Singhs consented to, an appraisal of the amount of loss. "When the insurer admits that there is a covered loss, but there is a disagreement on the amount of loss, it is for the appraisers to arrive at the amount to be paid." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1025 (Fla. 2002) (analyzing an almost identical appraisal provision). And the Singhs agree that "the amount of loss will be conclusively determined by the appraisal panel." (Doc. 9 at 2)

**2. Dismissal**

Because the complaint requests not only an appraisal but also an attorney's fee and costs, dismissal is premature. *See Arvat Corp. v. Scottsdale Ins. Co.*, 2015 WL 6504587, at *1 (S.D. Fla. Oct. 28, 2015) (Gayles, J.) (dismissing a petition to compel an appraisal). And "[i]f the [insurance agreement] contained a mandatory . . . appraisal provision," the Singhs would have engaged in unnecessary litigation and "would not be entitled to attorney's fees. But the . . . appraisal [provision is] permissive, not

mandatory, providing that either party **may** demand an appraisal."[2] *Jerkins v. USF & G Specialty Ins. Co.*, 982 So. 2d 15, 18 (Fla. 5th DCA 2008) (Orfinger, J.).

## CONCLUSION

GeoVera's motion (Doc. 5) to dismiss is **DENIED**. GeoVera's motion (Doc. 5) to stay is **GRANTED**. This action is **STAYED** "pending completion of [the] appraisal." (Doc. 5 at 1) GeoVera's motion (Doc. 10) for leave to reply is **DENIED**. Because this action is stayed, GeoVera's unopposed motion (Doc. 19) to "extend all deadlines in this case pending completion of the appraisal process" is **GRANTED IN PART**. Mediation of this action must proceed in accord with the notice (Doc. 18) of mediation. GeoVera's unopposed motion (Doc. 19) to "dispense with and/or defer mediation" is **DENIED**.

ORDERED in Tampa, Florida, on December 3, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] In response to the motion to dismiss, the Singhs argue that an "appraisal award" for the Singhs would constitute a "confession of judgment," which entitles the Singhs to an attorney's fee under Section 627.428, Florida Statutes. (Doc. 9 at 2) Because the parties have yet to complete the appraisal, a determination of whether in this action an "appraisal award" would constitute a "confession of judgment" is premature. In other words, a determination of whether an attorney's fee is appropriate in this action is premature. *See Jerkins*, 982 So. 2d at 18 (considering the "substantial discrepancy between [the insurer's] initial estimate of the damages to the . . . property . . . and the final appraisal value" to award an attorney's fee).