UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAM SINGH, et al.,

    Plaintiffs,

v.                                                 CASE NO. 8:15-cv-1974-T-23JSS

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

    GeoVera Specialty Insurance Company insured Ram and Cynthia Singh, whose property caught fire on January 7, 2015. GeoVera indemnified the Singhs for a portion ($97,378.54) of the value of the property. Although the Singhs argued a "total loss" of the property, GeoVera for approximately five months disputed the extent of loss. On June 5, 2015, the Singhs sued (Doc. 2) GeoVera for a breach of the insurance agreement (Count I) and for a declaration that the fire caused a "total loss" of the property and that GeoVera owed additional indemnity (Count II). GeoVera suggested, and the Singhs consented (Doc. 20) to, appraising the extent of loss. The appraiser determined (Doc. 25-1) the amount of loss as $205,708.57, and GeoVera paid the Singhs the remaining $108,330.03. A March 28, 2016 order (Doc. 36) confirmed the appraisal, and the Singhs move (Doc. 37) for summary judgment on each count.

Despite the law unequivocally holding otherwise, GeoVera bitterly disputes judgment for the Singhs.  Specifically, GeoVera argues against judgment for the Singhs because GeoVera reimbursed the Singhs the entire amount of loss of their property and because GeoVera voluntarily submitted to an appraisal.  Each argument is readily refuted.  Although GeoVera reimbursed the Singhs, the Singhs prevail on the claim for breach of the insurance policy and on the claim for a declaratory judgment.  By refusing for approximately five months to resolve the Singhs' claim for additional indemnity, GeoVera "wrongfully caus[ed the Singhs] to resort to litigation" and to incur litigation costs.  *Bassette v. Standard Fire Ins. Co.*, 803 So. 2d 744, 746 (Fla. 2d DCA 2001) (Scheb, J.).  Also, although GeoVera voluntarily submitted to an appraisal,[1] because GeoVera paid the amount due after the Singhs sued[2] and because the appraiser found that GeoVera owed more than twice the amount that GeoVera paid the Singhs before this action,[3] the Singhs prevail and may move for an attorney's fee.[4]

---

[1] *See Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1080 (Fla. 4th DCA 2009) (Stevenson, J.) (holding for the insured despite the insurer's voluntarily participating in an appraisal); *Jerkins v. USF & G Specialty Ins. Co.*, 982 So. 2d 15, 18 (Fla. 5th DCA 2008) (Orfinger, J.) (same).

[2] *See Tampa Chiropractic Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 141 So. 3d 1256, 1258 (Fla. 5th DCA 2014) (Cohen, J.) (explaining that in a similar circumstance the Florida Supreme Court "us[es] the legal fiction of a 'confession of judgment'" to find for the insured and award an attorney's fee); *accord Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla. 2000).

[3] *See Jerkins v. USF & G Specialty Ins. Co.*, 982 So. 2d 15, 18 (Fla. 5th DCA 2008) (Orfinger, J.) (noting the "substantial discrepancy between [the insurance company's] initial estimate of the damages to the [insured's] property . . . and the final appraisal value").

[4] Section 627.428, Florida Statutes, states:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured . . . , the trial court . . . shall adjudge or decree against the

The Singhs' motion (Doc. 37) for summary judgment is **GRANTED**. GeoVera's motion (Doc. 38) to "strike" the Singhs' motion is **DENIED**.  GeoVera's motion (Doc. 38) for summary judgment is **DENIED**.  The clerk is directed (1) to enter a judgment for the Singhs and against GeoVera, (2) to terminate the pending motions (Docs. 39, 42), and (3) to close the case.  No later than **AUGUST 19, 2016**, the Singhs may move for an attorney's fee and for costs.

ORDERED in Tampa, Florida, on August 5, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

insurer and in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit in which the recovery is had.